1  PAUL J. ANDRE, BAR NO. 196585
   (pandre@perkinscoie.com)
2  LISA KOBIALKA, BAR NO. 191404
   (lkobialka@perkinscoie.com)
3  RADHIKA TANDON, BAR NO. 209126
   (rtandon@perkinscoie.com)
4  SHREYA RAMCHANDANI, BAR NO. 232041
   (sramchandani@perkinscoie.com)
5  PERKINS COIE LLP
   101 Jefferson Drive
6  Menlo Park, CA 94025-1114
   (650) 838-4300
7
   Attorneys for Plaintiff
8  RITA MEDICAL SYSTEMS, INC.

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RITA MEDICAL SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESECT MEDICAL, INC., a Delaware corporation, STEVEN DANIEL, individually, and DOES 1 to 100,<br><br>Defendants. | CASE NO. C05 03291 HRL<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF WRITTEN CONTRACT**<br><br>**2. MISAPPROPRIATION OF TRADE SECRETS**<br><br>**3. BREACH OF FIDUCIARY DUTY**<br><br>**4. FALSE ASSOCIATION UNDER 15 U.S.C. § 1125(a)**<br><br>**5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>**6. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**7. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

RITA MEDICAL SYSTEMS, INC. COMPLAINT                                          [37167-0017/BY052210.014]

Plaintiff RITA Medical Systems, Inc. hereby alleges this Complaint against Defendants Resect Medical, Inc. and Steven Daniel as follows:

## THE PARTIES

1. Plaintiff RITA Medical Systems, Inc. ("RITA") is a publicly held company organized under the laws of Delaware, with its principal place of business at 46421 Landing Parkway, Fremont, California, 94538. RITA is in the business of developing, manufacturing and marketing medical devices. One aspect of RITA's business is developing, manufacturing and marketing ablation technology products used by physicians to coagulate tissue, including the treatment of patients with malignant or benign tumors. RITA's patented electrosurgical delivery method, known as the RITA System, includes radiofrequency generators ("RF generators") and a family of electrosurgical devices that deliver controlled thermal energy to targeted tissue during an ablation.

2. RITA is informed and believes that defendant Resect Medical, Inc. ("Resect") is a company organized under the laws of Delaware, with its principal place of business at 40874 Calido Place, Fremont, California, 94539. RITA is also informed and believes that Resect is in the business of developing instruments for surgical resection using ablation technology, including Resect's InLine™ family of bipolar linear coagulators.

3. RITA is informed and believes that defendant Steven Daniel ("Daniel") is an individual with a principal place of residence at 40874 Calido Place, Fremont, California, 94539.

4. RITA is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive and therefore sues said Defendants by such fictitious names. RITA will amend this complaint when the true names and capacities of said Defendants have been ascertained. On information and belief, DOES 1 through 100, inclusive, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to RITA as herein alleged.

## JURISDICTION AND VENUE

5. This is a civil action, which arises under the federal trademark Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has original jurisdiction over this controversy under 28 U.S.C.

§§1331 and 1338 and 15 U.S.C. §1121. This Court has jurisdiction over the related state law claims contained herein pursuant to 28 U.S.C. §1367 because the claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. §1391(b) and (c). Defendants have committed, *inter alia*, all the acts alleged below within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

7. Assignment of this action to the San Jose Division is proper because the Plaintiff and Defendants' principal places of business and/or residences are in this district and division.

## FACTUAL BACKGROUND

8. On or about July 19, 1999, Daniel began his employment with RITA. Daniel worked with the research and development group at RITA, and his last position at RITA was as a director of the company. Daniel left RITA on or about March 11, 2003.

9. Upon joining RITA, Daniel entered into a "Confidential Information and Invention Assignment Agreement" ("Assignment Agreement"). A true and correct copy of the Assignment Agreement, executed by Daniel on or about July 19, 1999, is attached hereto as Exhibit 1.

10. Some of the relevant provisions of the Assignment Agreement are as follows:

   a. Pursuant to Section 3 of the Assignment Agreement, Daniel agreed that during the term of his employment with RITA and thereafter, he would not use or disclose RITA's confidential information without written authorization of RITA's Board of Directors, unless such use or disclosure was for the benefit of RITA. Daniel further agreed not to make copies of such confidential information except as authorized by RITA. Under the aforementioned provision, "confidential information" includes:

   > "any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, suppliers, customer lists and customers (including, but not limited to, customers of the Company on whom [Daniel] called or with whom [Daniel] became acquainted during the Relationship), prices and costs, markets, software, developments, inventions, laboratory notebooks, processes, formulas, technology,

designs, drawings, engineering, hardware configuration information, marketing, licenses, finances, budgets or other business information disclosed to [Daniel] by the Company either directly or indirectly in writing, orally or by drawings or observation of parts or equipment or created by [Daniel] during the period of the Relationship, whether or not during working hours."

b. Pursuant to Section 4(b) of the Assignment Agreement, Daniel agreed to assign to RITA all of his rights, title and interest throughout the world in any inventions, original works of authorship, developments, concepts, know-how, improvements or trade-secrets that he conceived, developed or reduced to practice, or caused to be conceived, developed or reduced to practice during the term of his employment with RITA.

c. Pursuant to Section 4(e) of the Assignment Agreement, Daniel was required to provide RITA with prompt written notification of any inventions that Daniel believed met the California Labor Code Section 2870.

d. Pursuant to Section 6 of the Assignment Agreement, Daniel agreed that for a period of twenty-four months immediately following the termination of his employment with RITA, he would not solicit any RITA customer, licensor or licensee that he was aware of for any business, products or services that were competitive to products or services that RITA offered or was in the process of developing as of the date of termination of Daniel's employment with RITA.

11. During the course of Daniel's employment at RITA, Daniel allegedly conceived an idea to use ablation technology, a technology directly related to RITA's medical devices, in general tissue resection.

12. On or about August 21, 2002, and while Daniel was still employed by RITA, Daniel filed provisional U.S. patent application No. 60/405,051 (now Pub. App. No. US 2004/0039429 A1, filed on or about April 14, 2003) ("the '429 application") to use ablation technology in general tissue resection. However, this application was neither assigned to RITA as required under Section 4(b) of the Assignment Agreement nor was RITA notified of the

///

provisional patent application as required under Section 4(e) of the Assignment Agreement. A true and correct copy of Resect's '429 application is attached hereto as Exhibit 2.

13. The '429 application is substantially similar to RITA's pending ablation-plus-resection patent application, Pub. App. No. US 2002/0120260 A1 ("the '260 application"), which was filed on or about February 28, 2001, while Daniel was still employed by RITA. Resect's '429 application involves similar ablation technologies as that of RITA's existing and currently being-developed ablation medical devices (*i.e.*, use of ablation and a RF generator), and is based on the subject matter covered under RITA's '260 application, which was filed while Daniel still worked for RITA. A true and correct copy of the '260 application is attached hereto as Exhibit 3. Daniel was listed as a co-inventor on the '260 application. RITA is informed and believes that Daniel used RITA's trade secrets and other confidential and proprietary information that he acquired while working for RITA to file the '429 application in violation of Section 3 of the Assigment Agreement.

14. RITA is informed and believes that Daniel developed the InLine™ Bipolar Coagulator by using the trade secrets and other confidential and proprietary information that Daniel acquired while working for RITA, including but not limited to, information regarding the design and technology of RITA's RF generators and RITA's customer lists, in violation of Section 3 of the Assignment Agreement.

15. RITA is informed and believes that on or about September 6, 2002, and while he was still employed by RITA, Daniel registered the domain name www.resectmedical.com, which currently redirects to www.resect.com, Resect's company website. www.resect.com was registered on or about December 4, 2002. Daniel did not inform RITA of the formation of Resect while he was employed by RITA.

16. RITA is informed and believes that on or about November 26, 2002, while he was still employed by RITA, Daniel filed for registration of the mark RESECT MEDICAL, which was registered as a trademark by the United States Patent and Trademark Office ("USPTO") on or about September 28, 2004.

///

RITA MEDICAL SYSTEMS, INC. COMPLAINT                                              [37167-0017/BY052210.014]

17. RITA is informed and believes that at the time of Daniel's departure from RITA on or about March 11, 2003, Daniel took with him and currently possesses an email address book of RITA employees from 2002 and the email address for Nora Hergen, who in 2002 was an assistant for a surgeon client of RITA. RITA is informed and believes that Daniel solicited RITA's customers in violation of Section 6 of the Assignment Agreement.

18. RITA is informed and believes that Daniel is the founder, President & CEO of Resect.

19. On or around December 2004, RITA became aware of the '429 application and the assignment of the rights in this application to Resect. RITA immediately wrote to Daniel reminding him of his obligations to RITA under the Assignment Agreement and asked Daniel to execute an assignment of the '429 application to RITA.

20. On or about December 13, 2004, Daniel refused to assign the patent application to RITA. RITA was informed by Resect's and Daniel's legal counsel that the assignment of the '429 application to RITA would not occur.

21. During the ensuing months, RITA and Resect entered into negotiations for a possible business relationship pertaining to Resect's InLine™ Bipolar Coagulator, which is covered by Resect's '429 application. However, the parties were unable to come to mutually acceptable terms. As a result, RITA formally terminated the negotiations between RITA and Resect on April 8, 2005.

22. RITA is informed and believes that Resect's medical literature and field personnel represent that the InLine™ Bipolar Coagulator is intended for use with RITA's 1500 and 1500X RF generators. However, no specific testing by RITA has been conducted to ensure the safety of such use. Moreover, RITA's RF generators have been specifically designed to operate together with RITA's electrodes, not those of the InLine™ Bipolar Coagulator.

## FIRST CAUSE OF ACTION
### (Breach Of Written Contract Against Daniel)

23. RITA incorporates Paragraphs 1 through 22 above by reference.

24. Upon joining RITA, Daniel entered into the Assignment Agreement with RITA.

25. On or about August 21, 2002, Daniel filed a provisional application on his alleged invention for tissue resection, which is the subject matter of the resulting '429 application. The '429 application involves similar ablation technologies as that of RITA's existing and currently being-developed ablation medical devices, and is substantially similar to RITA's '260 application which identifies Daniel as a co-inventor and was filed while Daniel was still employed by RITA.

26. Pursuant to the Assignment Agreement, Daniel is obligated to assign the '429 application to RITA because he conceived and reduced to practice the subject matter of the application during his employment at RITA.

27. Daniel has refused to assign his right, title and interest in the '429 application to RITA as required under the Assignment Agreement.

28. Daniel failed to provide RITA with prompt written notification regarding the '429 application in accordance with the Assignment Agreement.

29. The Assignment Agreement requires Daniel to maintain confidentiality of information gained during his employment with RITA. However, RITA is informed and believes that Daniel has used RITA's trade secrets and confidential and proprietary information, including but not limited to, information regarding the design and technology of RITA's RF generators and RITA's customer lists, to develop Resect's InLine™ Bipolar Coagulator, and to allegedly make it compatible with RITA's RF regulators.

30. RITA is informed and believes that during Daniel's employment with RITA and/or within twenty-four months following his termination with RITA, Daniel solicited RITA's customers to work with Resect in violation of the Assignment Agreement.

31. Daniel's breach of the Assignment Agreement has damaged, and continues to damage, RITA in an amount to be determined at trial.

32. As a result of Daniel's continuing breach of the Assignment Agreement, RITA has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law, thus entitling RITA to injunctive relief.

///

## SECOND CAUSE OF ACTION
(Misappropriation Of Trade Secrets Against All Defendants Under Cal. Civ. Code § 3426.1)

33. RITA incorporates Paragraphs 1 through 32 above by reference.

34. RITA's trade secrets consist of, among other things, information regarding the design and technology of RITA's RF generators and RITA's customer lists. RITA has taken reasonable efforts under the circumstances to preserve the confidentialilty of its trade secrets, and this information derives independent economic value from not being generally known.

35. Daniel had access to and acquired RITA's trade secrets while he was employed by RITA, under circumstances giving rise to a duty on Daniel's part to maintain the secrecy of RITA's trade secrets during his employment with RITA and thereafter. On information and belief, Daniel also acquired RITA's trade secrets from persons he knew or should have known owed a duty to maintain in secrecy RITA's trade secrets.

36. RITA is informed and believes that Resect acquired RITA's trade secrets from persons it knew or should have known owed a duty to maintain in secrecy RITA's trade secrets, and acquired RITA's trade secrets through improper means.

37. RITA is informed and believes that Defendants used and are presently using RITA's trade secrets in connection with their own business activities, and not on behalf of RITA, without RITA's express or implied consent, authorization and authority.

38. RITA is informed and believes that Defendants obtained the trade secret information described above directly from RITA and not from Defendants' own independent research and efforts.

49. Each of the acts of misappropriation was done willfully and maliciously by the Defendants, thereby entitling RITA to exemplary damages pursuant to Cal. Civ. Code § 3426.3(c).

40. As a direct and proximate cause of Defendants' misappropriation of RITA's trade secrets, Defendants have been unjustly enriched and RITA has sustained damages in an amount to be proven at trial.

41. RITA also has suffered irreparable harm as a result of Defendants' actual and continued misappropriation, and RITA will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees, and all other persons acting in concert with them, are enjoined from engaging in any further such acts of misappropriation.

## THIRD CAUSE OF ACTION
### (Breach Of Fiduciary Duty Against Defendant Daniel)

42. RITA incorporates Paragraphs 1 through 41 above by reference.

43. Daniel, by virtue of his position as a Director of RITA, was in a confidential and fiduciary relationship with RITA and owed RITA the highest obligations of good faith, integrity, due care, fair dealing and candor. As such, Daniel had an obligation to act primarily for the benefit of RITA in all matters connected with the protection of RITA's trade secrets, confidential information and intellectual property. Among Daniel's duties as RITA's fiduciary was a duty not to act as, or on account of, an adverse party without RITA's consent and a duty not to compete with RITA. Daniel also owed RITA an undivided duty of loyalty to act in the best interests of RITA and to refrain from transferring his loyalty to a competitor or from any conduct not in the best interests of RITA.

44. Daniel has unjustifiably and inexcusably breached his fiduciary duty and his duty of loyalty to RITA by, among other things, undertaking competitive activities, and conspiring with others to engage in competitive activities, against RITA. These competitive activities have and will work to the detriment of RITA.

45. In addition, Daniel has violated his fiduciary duty and his duty of loyalty to RITA by breaching his confidentiality obligations to RITA through his improper use and disclosure of RITA's trade secrets and confidential information, including but not limited to the contact information of RITA's customers and information regarding RITA's RF generators.

46. As a result of Daniel's wrongful conduct, RITA has been damaged in an amount to be proven at trial.

47.   Daniel's actions were done with a conscious disregard for RITA's rights and constitute oppression, fraud, and/or malice under California Civil Code § 3294. RITA is entitled to recover punitive damages from Daniel in an amount sufficient to punish him, and deter others from engaging in similar wrongful conduct.

**FOURTH CAUSE OF ACTION**
**(False Association Against Defendant Resect Under 15 U.S.C. § 1125(a))**

48.   RITA incorporates Paragraphs 1 through 47 above by reference.

49.   RITA is informed and believes that Resect's medical literature and field personnel represent that Resect's InLine™ Bipolar Coagulator is intended for use with RITA's 1500 and 1500X RF Generators. However, no specific testing by RITA has been conducted to ensure the safety of such use.

50.   RITA RF generators have been specifically designed to operate together with RITA electrodes, not those of Resect's InLine™ Bipolar Coagulator.

51.   RITA is informed and believes that Resect's conduct has actually deceived and has the tendency to deceive a substantial segment of the public. RITA is further informed and believes that Resect's conduct is likely to cause, and has caused, confusion or mistake that RITA is affiliated, endorses and/or supports the use of the InLine™ Bipolar Coagulator.

52.   RITA is informed and believes that Resect knew or should have known that its promotional activities were false, misleading, and deceptive, such that Resect has acted willfully, deliberately, and in bad faith.

53.   By reason of Resect's acts, RITA has suffered and will continue to suffer damage to its business and goodwill, including a lessening of goodwill.

54.   Resect's acts have caused injury to RITA and the general public and, unless enjoined, will continue to cause injury. Accordingly, RITA is entitled to preliminary and permanent injunctive relief.

55.   As a direct and proximate result of such acts, RITA has suffered damages and is entitled to damages for such conduct.

## FIFTH CAUSE OF ACTION
(Intentional Interference With Prospective Economic Relations Against All Defendants)

56. RITA incorporates Paragraphs 1 through 55 above by reference.

57. RITA had a reasonable probability of prospective economic advantage from customers and prospective customers of its ablation technology. Defendants knew of these prospective economic relationships and intentionally and wrongfully induced, and proximately caused, disruptions of those relationships.

58. The independently wrongful conduct of Defendants as alleged, including but not limited to the misappropriation of RITA trade secrets, confidential and proprietary information, and other intellectual property, constitutes tortious interference with RITA's prospective economic relationships because, among other things, Defendants were able to found a company based on RITA's technology and future research and development plan, which resulted in lost sales and/or opportunity for RITA. As a result of Defendants' conduct, RITA has been damaged.

59. As a result of Defendants' conduct, RITA has been damaged in an amount to be proven at trial.

60. Defendant's acts have also caused injury to RITA and, unless enjoined, will continue to case injury. Accordingly, RITA is entitled to preliminary and permanent injunctive relief.

## SIXTH CAUSE OF ACTION
(Breach Of The Covenant Of Good Faith And Fair Dealing Against Defendant Daniel)

61. RITA hereby alleges and incorporates by reference paragraphs 1 through 60 above by reference.

62. The law implies a covenant of good faith and fair dealing by which Daniel promised to perform fairly, honestly and reasonably the terms and conditions of the Assignment Agreement, and to refrain from doing any act that would harm, disrupt or damage RITA's trade secret and confidential information.

- 11 -
RITA MEDICAL SYSTEMS, INC. COMPLAINT                                    [37167-0017/BY052210.014]

63.  Daniel engaged in wrongful conduct separate and apart from, and contrary to, the performance of his obligations under the Assignment Agreement, in bad faith, arbitrarily and unfairly, and for the purpose of depriving RITA of its rights and benefits under the Assignment Agreement.

64.  As a direct, foreseeable and proximate result of the breach by Daniel of the implied covenant of good faith and fair dealing, RITA has been damaged in an amount to be proven at trial.

65.  Daniel's actions were done with a conscious disregard from RITA's rights and constitute oppression, fraud, and/or malice under California Civil Code § 3294. RITA is entitled to recover punitive dmages from Daniel in an amount sufficient to punish him, and deter others from engaging in similar wrongful conduct.

66.  Daniel's acts have also caused injury to RITA and, unless enjoined, will continue to case injury. Accordingly, RITA is entitled to preliminary and permanent injunctive relief.

### SEVENTH CAUSE OF ACTION
(Unfair Competition Against All Defendants Under
Cal. Bus. & Prof. Code § 17200 *et seq.*)

67.  RITA incorporates Paragraphs 1 through 66 above by reference.

68.  Defendants' acts and omissions constitute unfair competition and unlawful, unfair and fraudulent business practices within the meaning of Sections 17200, *et seq.*, of the California Business and Professions Code.

69.  RITA has also suffered irreparable harm as a result of Defendants' activities, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees, and all persons acting in concert with them, are enjoined from engaging in any further such acts of unfair competition.

70.  As a result of Defendants' acts of unfair competition, Defendants have been unjustly enriched at RITA's expense in an amount not yet ascertained. Accordingly, RITA is

///

entitled to an accounting and restitution from Defendants in an amount to be determined in accordance with proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, RITA respectfully seeks the following relief against Defendants:

A. A judgment in favor of RITA and against Defendants on all Causes of Action;

B. A preliminary and permanent injunction enjoining Defendants, their employees, representatives, officers, directors, shareholders, investors, licensees (actual or potential), and any other persons acting in concert or participating with them, from directly or indirectly:

   1. Obtaining, using, or communicating to any person any trade secrets or confidential information belonging to RITA;

   2. Inducing any RITA employee or former employee to breach any contract he or she has entered into with RITA;

   3. Interfering with RITA's advantageous business relationships with its employees and/or customers;

   4. Engaging in false, misleading, and deceptive promotional activities that can, or is likely to lead members of the public to believe that Resect's InLine™ Bipolar Coagulator is intended for use with any of RITA's RF generators or that RITA is affiliated, endorses and/or supports Resect or its products;

   5. Misleading the public into believing that the InLine™ Bipolar Coagulator is intended for use with any of RITA's RF generators;

   6. Violating the Assignment Agreement with RITA; and

   7. Unfairly competing with RITA.

C. A preliminary and permanent injunction ordering Defendants, their employees, representatives, officers, directors, shareholders, investors, licensees (actual or potential), and any other persons acting in concert or participating with them, to:

   1. Assign the '429 application to RITA pursuant to the Assignment Agreement; and

2. Deliver and destroy any marketing material, advertisements, medical literature or other items that violate 15 U.S.C. § 1125(a).

D. An order requiring Defendants to account for all gains, profits and advantage derived from their misappropriation of RITA's trade secrets and confidential and proprietary information;

E. An order requiring Defendants to disgorge profits earned from their unlawful conduct, together with restitution to RITA arising from Defendants' unlawful conduct;

F. An order awarding RITA compensatory and punitive damages;

G. An order awarding RITA costs of suit, together with attonreys' fees, prejudgment and postjudgment interest, as provided under applicable law; and

H. Such other relief, in law or equity, as the Court may deem just and proper.

DATED: August 12, 2005

PERKINS COIE LLP

By _____
Paul Andre
Lisa Kobialka
Radhika Tandon
Shreya Ramchandani
Attorneys for Plaintiff
RITA Medical Systems, Inc.

RITA MEDICAL SYSTEMS, INC. COMPLAINT                       [37167-0017/BY052210.014]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

RITA Medical Systems, Inc. demands a trial by jury of all issues so triable.

DATED: August 12, 2005

**PERKINS COIE LLP**

By _____
Paul Andre
Lisa Kobialka
Radhika Tandon
Shreya Ramchandani
Attorneys for Rita Medical Systems, Inc.