**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   Rita Medical Systems, Inc.,                NO. C 05-03291 JW

12              Plaintiff(s),          **ORDER GRANTING MOTION TO**
         v.                            **STRIKE AFFIRMATIVE DEFENSES;**
13                                     **TRANSFERRING ACTION PURSUANT**
     Resect Medical, Inc. et al.,      **TO CIVIL LOCAL RULE 3-2(f)**
14
                Defendant(s).
15   _____/

16                        I.  INTRODUCTION

17         Plaintiff RITA Medial Systems, Inc. ("RITA") initiated this suit against its former employee

18   Defendant Steven Daniel ("Daniel") and his company Resect Medical, Inc. ("Resect") for, among

19   other things, breach of a "Confidential Information and Invention Assignment Agreement."[1]

20   Presently before the Court is RITA's motion to strike five of Resect's seventeen affirmative

21   defenses.  The motion is scheduled for hearing on January 23, 2006.  However, the Court finds it

22   appropriate to take the motion under submission for decision pursuant to Civil Local Rule 7-1(b).

23   Based upon all papers filed to date, the Court grants RITA's motion to strike with leave to amend.

24                        II. BACKGROUND

25         RITA is a publicly held company with its principal place of business in Fremont, California.

26   RITA is in the business of developing, manufacturing, and marketing medical devices, such as

27   _____

28         [1]  Jurisdiction is based upon RITA's federal claim under the Lanham Act, 15 U.S.C. §1051 et
     seq., and 28 U.S.C. §1367.

**United States District Court**

For the Northern District of California

ablation technology products used by physicians to coagulate tissue.  Defendant Daniel began

employment with RITA in July of 1999.  Upon join RITA, Daniel entered into a "Confidential

Information and Invention Assignment Agreement" ("Agreement").  Pursuant to the Agreement,

Daniel agreed not to use or disclose RITA's confidential information, nor make unauthorized copies

of such information.  In addition Daniel agreed to assign to RITA all rights to any intellectual

property developed while working as an employee of RITA.  Daniel was also required to give RITA

prompt written notification of any inventions that he believed met California Labor Code section

2870.  Daniel also agreed that when his employment with RITA terminated, he would not solicit any

RITA customers for 24 months.

RITA alleges that in August of 2002, while Daniel was a director for RITA, he breached the

Agreement when he filed U.S. Patent application No. 60/405,051 (now Pub. App. No. US

2004/0039429 AL, hereinafter "'429").  RITA alleges that Daniel never disclosed the application to

RITA, nor assigned the application to RITA.  Further, RITA alleges that while Daniel was employed

by RITA, he registered a domain name for his company, Resect. Daniel is the President, CEO, and

founder of Resect.

Daniel left RITA in March of 2003.  RITA alleges on information and belief that at the time

Daniel left, he took with him and currently possesses an email address book of RITA employees

from 2002.  Further, RITA alleges on information and belief that Daniel solicited RITA's customers

in violation of the Agreement.

When RITA became aware of the '429 application, it requested that Daniel assign the '429

application pursuant to the terms of the Agreement.  Daniel refused.  RITA attempted to enter into a

business relationship with Resect with the intention of resolving the ownership issue of the '429

application.  The negotiations, however, failed in April of 2005.

RITA filed the instant action against Daniel and Resect in August of 2005, asserting the

following seven claims: (1) breach of the Agreement based upon Daniel's refusal to assign the '429

application to RITA (against Daniel); (2) misappropriation of trade secrets consisting of, among

other things, information regarding the design and technology of RITA's RF generators and

1   customer lists (against Daniel and Resect); (3) breach of fiduciary duty by (a) undertaking

2   competitive activities against RITA and (b) improperly using and disclosing RITA's trade secrets

3   and confidential information (against Daniel only); (4) false association under 15 U.S.C. section

4   1125(a) (against Resect); (5) intentional interference with prospective economic relations (against

5   Daniel and Resect); (6) breach of the covenant of good faith and fair dealing (against Daniel); and

6   (7) unfair competition under California Bus. & Prof. Code section 17200 et seq. (against Daniel and

7   Resect).  In response to the action, Resect and Daniel answered, pleading seventeen affirmative

8   defenses.

9           Pursuant to Rule 12(f), Fed.R.Civ.P., RITA now moves to strike five of Resect's affirmative

10  defenses for failure to allege the necessary elements of those defenses.  Specifically, RITA moves to

11  strike the following defenses: waiver, estoppel, inequitable conduct, restriction of trade/business,

12  and laches.  Resect opposes the motion on the grounds that it is untimely, and that it has given the

13  requisite fair notice of the grounds for its affirmative defenses.  In the alternative, Resect requests

14  leave of Court to amend its affirmative defenses.

15                                  III. STANDARDS

16          Rule 12(f), Fed.R.Civ.P., provides in pertinent part that "the court may order stricken from

17  any pleading any insufficient defense."  Fed.R.Civ.P. 12(f).  A Rule 12(f) motion to strike intended

18  to "avoid the expenditure of time and money that must arise from litigating spurious issues by

19  dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.

20  1993), citing Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983), rev. on other

21  grounds, 510 U.S. 517 (1994).

22          Rule 8(c), Fed.R.Civ.P., requires that any affirmative defense be "set forth affirmatively" in

23  the party's responsive pleading.  See Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir.

24  1979).  Affirmative defenses are governed by the same pleading standard as complaints.

25  Qarbon.com Inc., v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).  A claimant must

26  provide "fair notice" of a claim and the grounds upon which it rests.  See Conley v. Gibson, 355

27  U.S. 41, 47 (1957).  Similarly, a defendant must give "fair notice" of a defense.  Wyshak, 697 F.2d

28                                         3

1    at 827.

2                            IV.  DISCUSSION

3          As a preliminary matter, Resect contends that the Court should deny the motion to strike as

4    untimely.  The Court rejects the argument.  With respect to timing, Rule 12(f), Fed.R.Civ.P,

5    provides, "Upon motion made by a party before responding to a pleading or . . . upon the court's

6    own initiative at any time . . ."   Thus, although Rule 12(f) sets a time limit for a party to bring a

7    motion, it also provides that a defense may be stricken "upon the court's own initiative at any time."

8    Accordingly, this Court will review the substance of RITA's motion to strike.  The five affirmative

9    defenses at issue in this motion are set forth in full immediately below:

10          **Fourth Affirmative Defense (Waiver)**: "Defendants are informed and believe, and

11          upon such information and belief allege, that the Complaint, and each alleged cause

12          of action therein, is absolutely barred by virtue of RITA's knowing and voluntary

13          waiver of any obligations or liabilities of Defendants."  Answer at 9:9-12.

14          **Eighth Affirmative Defense (Estoppel):** "Defendants are informed and believe, and

15          upon such information and belief allege, that the Complaint, and each alleged cause

16          of action therein, is barred by the doctrine of estoppel."  Answer at 10:1-4.

17          **Eleventh Affirmative Defense (Inequitable Conduct): "**Defendants are informed

18          and believe, and upon such information and belief allege, that the Complaint, and

19          each alleged cause of action therein, is barred by Plaintiff's inequitable conduct."

20          Answer at 10:12-15.

21          **Fourteenth Affirmative Defense (Restriction of Trade or Business):** "Defendants

22          are informed and believe, and upon such information and belief allege, that the

23          Complaint, and each alleged cause of action therein, is barred from recovery by the

24          provisions of California Business and Professions Code Section 16600."  Answer at

25          10:23-26.

26          **Fifteenth Affirmative Defense (Laches):** "Each and every cause of action in the

27          Complaint is barred by the doctrine of laches."  Answer at 11:1-3.

28                                          4

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    The Court finds that the affirmative defenses set forth above are inadequate to give RITA the

2    requisite "fair notice."   The five affirmative defenses contain nothing more than legal conclusions,

3    wholly unsupported by any factual basis.  For example, with respect to waiver, Resect fails to

4    identify what action RITA undertook, if any, that amounted to a voluntary or intentional

5    relinquishment of a known right.  Similarly, Resect fails to identify any conduct by RITA that would

6    support a defense of estoppel, inequitable conduct, restriction of trade or business, and laches.  The

7    defense of laches appears particularly unfounded, given the fact that the instant suit was filed within

8    months after the parties' business negotiations failed.  Accordingly, RITA's motion to strike the

9    fourth, eighth, eleventh, fourteenth, and fifteenth affirmative defenses is granted.

10    RITA urges the Court to strike the affirmative defenses with prejudice.  The Federal Rules of

11    Civil Procedure dictate otherwise, however.  <u>See</u> Fed.R.Civ.P. 15 (leave to amend "shall be freely

12    given when justice so requires").

13    V.  CONCLUSION

14    RITA's motion to strike is granted, with leave to amend the affirmative defenses that are the

15    subject of the motion.  Resect may file and serve an amended answer no later than February 13,

16    2006.

17    Further, pursuant to Civil Local Rule 3-2(f), the Court orders this action transferred to the

18    Oakland or San Francisco Division because (1) the heart of the complaint is a breach of contract

19    claim and related state law claims; (2) the parties are located in Alameda County; and (3) "the

20    convenience of parties and witnesses and the interests of justice will be served by transferring the

21    action to a different division."  The case management conference scheduled for January 23, 2006 is

22    off calendar.

23    Dated: January 20, 2006                              /s/James Ware
      05cv3291strike                                      JAMES WARE
24                                                        United States District Judge

25

26

27

28                                             5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel J. Bergeson dbergeson@be-law.com
Ina Stangenes istangenes@be-law.com
Lisa Kobialka lkobialka@perkinscoie.com
Melinda M. Morton mmorton@be-law.com
Paul J. Andre pandre@perkinscoie.com
Shreya N. Ramchandani sramchandani@perkinscoie.com

**Dated: January 20, 2006**                    **Richard W. Wieking, Clerk**


**By:   /s/JW Chambers               **
        **Melissa Peralta**
        **Courtroom Deputy**

**United States District Court**
For the Northern District of California